## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 97-50888
Summary Calendar
_____

SCOTT K. SINKS,

Petitioner-Appellee,

versus

J. SLADE, Warden, FCI La Tuna,

Respondent-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-116-F
- - - - - - - - - -
November 27, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Respondent appeals the district court's grant of an application for writ of habeas corpus filed by Scott K. Sinks, federal prisoner # 19753-009. Sinks had applied for the writ on the ground that the Bureau of Prisons (BOP) had erroneously classified his drug conviction as a crime of violence and therefore had determined that he was ineligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). See BOP Program Statement No. 5612.02, Section 9. The district court granted the writ, holding that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BOP had misapplied § 3621(e)(2)(B) when it took into consideration Sinks' sentencing enhancement for possession of a firearm during the commission of the offense.

After the district court reached its decision, this court squarely addressed the issue in Venegas v. Henman, 126 F.3d 760, 761-65 (5th Cir. 1997), cert. denied, 118 S. Ct. 1679 (1998). The court held that the BOP's exclusion from eligibility for early release of prisoners with drug convictions who had received enhanced sentences for possession of a weapon, "is consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e)." Id. at 765.

Sinks argues that this court's decision in Venegas is incorrect. However, only an "overriding Supreme Court decision," a change in statutory law, or this court sitting en banc may overrule a panel decision. See United States v. Zuniga-Salinas, 952 F.2d 876, 877 (5th Cir. 1992) (en banc). In light of the court's decision in Venegas, the judgment of the district court is REVERSED and the case REMANDED.

Sinks' motion for appointment of counsel and for oral argument is DENIED.

REVERSED AND REMANDED; MOTION DENIED.